## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### FT. LAUDERDALE DIVISION

| | |
|---|---|
| ANDREA DEMETRIUS, | ) |
| | ) Civil Action |
| Plaintiff, | ) No._____ |
| | ) |
| v. | ) |
| | ) |
| WELLS FARGO BANK, N.A., | ) |
| | ) |
| Defendant. | ) |
| | ) |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Andrea Demetrius alleges Defendant Wells Fargo Bank, N.A. chose to violate the

Real Estate Settlement Procedures Act 12 U.S.C. § 2601 *et seq*. ("RESPA") and Regulation X 12

CFR § 1024 *et seq*. while servicing the Plaintiff's mortgage loan.

### PARTIES

1.  Plaintiff is a natural person and resident of Ft. Lauderdale, Florida.

2.  Defendant is a national association with a principal address at 420 Montgomery

Street, San Francisco, California 94163 and a registered agent at Corporation Service Company,

1201 Hays Street, Tallahassee, Florida 32301.

### JURISDICTION AND VENUE

3.  This Court has jurisdiction under 28 U.S.C.A. § 1331 because the Plaintiff's claim

arises under RESPA, a federal statute.

4.  This Court has personal jurisdiction over Defendant because it conducts business

in Florida making it foreseeable that Defendant would be haled into a Florida Court.

5.  Venue is proper because the alleged acts and transaction occurred here, and

Defendant transacts and conducts business here.

**FACTUAL ALLEGATIONS**

6.      Plaintiff bought a home at 4909 SW 44th Ave. Ft. Lauderdale, FL secured by a mortgage.

7.      Defendant services the mortgage.

8.      Plaintiff's mortgage account number with Defendant is XXXXXX1472 ("Mortgage Account").

9.      At some point, the mortgage fell into default.

10.     As a result of the default, Defendant has imposed default related fees and charges to the Mortgage Account.

11.     Plaintiff hired Loan Lawyers, LLC to represent her regarding the Mortgage Account and default.

12.     On June 23, 2021, Loan Lawyers, on behalf of Plaintiff, mailed a written request for information ("RFI") to Defendant's established address for requests for information. Exhibit A.

13.     The RFI had sufficient information for Defendant to identify Plaintiff, her mortgage account number, and the information being requested. *Id*.

14.     Specifically, the RFI requested the following:

A list of all fees and charges assessed to our clients' mortgage loan in 2019, 2020, and 2021.

For each charge and fee assessed to our clients' mortgage loan in 2019, 2020, and 2021, please provide the invoice that supports each charge.

To the extent that any fees or charges assessed to our clients' mortgage loan in 2019, 2020, and 2021 are for property inspections,

2

please provide a copy of each property inspection that was generated.

15.     Under Regulation X, mortgage servicers must respond to requests for information by either:

> (1) Providing the borrower with the requested information and contact information, including a telephone number, for further assistance in writing; or (2) Conducting a reasonable search for the requested information and providing the borrower with a written notification that states that the servicer has determined that the requested information is not available to the servicer, provides the basis for the servicer's determination, and provides contact information, including a telephone number, for further assistance.

12 CFR § 1024.36(d)(1)(i)-(ii).

16.     Mortgage servicers must do one or the other identified above after receiving the request for information.

17.     A mortgage servicer, however, need not comply "with the requirements of paragraphs (c) and (d) of this section [1024.36] if the servicer reasonably determines … The information requested is confidential, proprietary or privileged." 12 CFR § 1024.36(f)(1)(ii).

18.     According to the Official Interpretation of § 1024.36(f)(1)(ii), confidential, proprietary or privileged information may include:

> i. Information regarding management or profitability of a servicer, including information provided to investors in the servicer.
>
> ii. Compensation, bonuses, or personnel actions relating to servicer personnel, including personnel responsible for servicing a borrower's mortgage loan account;
>
> iii. Records of examination reports, compliance audits, borrower complaints, and internal investigations or external investigations; or
>
> iv. Information protected by the attorney-client privilege.

19.     Defendant responded to the RFI on or about July 14. Exhibit B.

20.     The response included a list of default related fees and charges on the Mortgage Account.

21.     However, Defendant refused to provide supporting invoices for those charges stating, "they are considered to be privileged, confidential and/or proprietary information of Wells Fargo."

22.     Defendant did not "reasonably determine" whether the invoices were "privileged, confidential and/or proprietary information of Wells Fargo" because the invoices do not meet the definition of privileged, confidential and/or proprietary information under Regulation X.

23.     The invoices are documents a servicer could and should provide a borrower.

24.     Defendant has added the default related fees and charges to the balance owed under Plaintiff's mortgage, and Defendant expects Plaintiff to pay the default related fees and charges.

25.     But duplicative default related fees and charges appear on Defendant's list.

26.     For example, Defendant charged Plaintiff for filing costs on August 22, 2018, and again on May 6, 2019.

27.     Plaintiff was also charged multiple times for title policy costs and for Litigation Attorney Fees are for the same amount on the same day.

28.     The invoices are necessary to determine whether the charges are reasonable and necessary.

29.     As a result of not complying with its duties under Regulation X, Plaintiff, through counsel, mailed a written notice of error notifying Defendant of its failure to comply with Regulation X and providing Defendant a chance to cure its error. Exhibit C.

30.     Defendant responded to the letter, and again, refused to provide the invoices stating, "the items requested are considered to be confidential, privileged, and/or proprietary information of Wells Fargo." Exhibit D.

31.    Defendant did not conduct a reasonable investigation because, if it had, it would have determined that the invoices are not confidential, privileged, and/or proprietary information, and further, they are documents routinely given to borrowers.

32.    To date, Defendant has not cured its violation of Regulation X or provided the information Plaintiff requested.

33.    All conditions precedent to this lawsuit have either been satisfied or waived.

## COUNT I AS TO DEFENDANT'S VIOLATION OF REGULATION X 12 CFR § 1024.36

34.    Plaintiff is a "borrower" under RESPA because she signed the mortgage and is otherwise liable under the mortgage.

35.    Defendant is a "mortgage servicer" as defined by RESPA because it has accepted and applied mortgage payments from Plaintiff.

36.    Mortgage servicers must comply with § 1024.36 if they receive a request for information that has the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and states the information the borrower is requesting with respect to the borrower's mortgage loan. 12 CFR § 1024.36(a).

37.    The RFI sent on Plaintiff's behalf had all of the above information.

38.    The written request for information was sent to Defendant's designated address for receiving requests for information.

39.    Based on the above, Defendant had a duty to comply with the provisions of Regulation X § 1024.36.

40.    Defendant violated Regulation X because it did not provide Plaintiff with the requested information, nor did Defendant reasonably determine that the information was privileged, confidential, and/or proprietary.

41.     RESPA section 2605(f) provides:

> Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts
>
>         …
>
> In the case of any action by an individual, an amount equal to the sum of – (A) any actual damages to the borrower as a result of the failure; and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000.

42.     As described above, as a direct result of Defendant's failure to follow its duty under Regulation X, Defendant caused Plaintiff needless emotional distress.

43.     As a direct result of Defendant's failure to follow its duty under Regulation X, Plaintiff also wasted time and money sending a certified letter notifying Defendant of its failure to comply with Regulation X.

44.     As a result, Defendant is liable to Plaintiff for actual damages and costs and attorneys' fees under 12 U.S.C. § 2605.

## RELIEF REQUESTED

**WHEREFORE**, based on the above stated in this Complaint, Plaintiff has been the subject of Defendant's illegal mortgage servicing conduct in violation of RESPA and Regulation X. Plaintiff respectfully requests this Honorable Court to enter judgment for the following forms of relief:

a)      Actual damages;

b)      Reasonable attorneys' fees and costs pursuant to RESPA;

c)      a judgment awarding injunctive relief;

d)      That the Court enter an order that Defendant and its agents, or anyone acting on their behalf, is immediately restrained from altering, deleting or destroying any documents or

records; and

  e)  Such other and further relief as the Court may deem just and proper.

  **Plaintiff respectfully request a trial by jury on all issues so triable.**

        Respectfully Submitted,

        */s/ Darren R. Newhart*
        Darren R. Newhart, Esq.
        FL Bar No: 0115546
        E-mail: darren@newhartlegal.com
        NEWHART LEGAL, P.A.
        14611Southern Blvd. Suite 1351
        Loxahatchee, FL 33470
        Telephone: (561) 331-1806
        Facsimile: (561) 473-2946

        */s/ Matthew D. Bavaro*
        Matthew D. Bavaro, Esq..
        FL Bar No: 175821
        E-mail: matthew@fight13.com
        LOAN LAWYERS, LLC
        3201 Griffin Road #100
        Fort Lauderdale, FL 33312
        Telephone: (954) 523-4357