## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### (*Fort Lauderdale Division*)

**CASE NO.: 0:21-cv-62230-RS**

ANDREA DEMETRIUS,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

    Defendant.

_____/

### DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE

Defendant, WELLS FARGO BANK, N.A. ("***Wells Fargo***,") by and through undersigned counsel and pursuant to Rules 8, 9, and 12(b)(1) and (6) of the *Federal Rules of Civil Procedure* and L. R. 7.1 hereby files this motion to dismiss Plaintiff, ANDREA DEMETRIUS's ("***Plaintiff***") complaint and demand for jury trial [ECF 1] (the "***Complaint***"), with prejudice. Wells Fargo would refer the Court to the memorandum of law below in support of this motion.

### RELIEF SOUGHT

Wells Fargo seeks dismissal based on two (2) primary grounds. ***First***, as a result of a loan modification agreement between the parties which post-dates the allegations pled, this matter is moot. ***Second***, preclusion principles bar this action.

### INTRODUCTION AND SUMMARY OF THE ARGUMENT

Despite state-court foreclosure litigation that spanned over three (3) years,[1] Plaintiff brings this federal case filed October 27, 2021. The primary basis of the claim is paragraph 12 of the

---

1 Wells Fargo has filed a motion for judicial notice [ECF 9] of the foreclosure docket from the 2019 foreclosure ( styled as *Wells Fargo Bank, N.A. v. Gerald Black and Andrea Demetrius*, Broward County Circuit Court Case No: CACE 19-0008437, but will note a prior foreclosure action between the parties in Broward County Circuit Court, filed July 19, 2018, and styled as *Wells Fargo Bank, N.A. v. Andrea Demetrius*, Case No:18-017324.

CASE NO.: *0:21-cv-62230-RS*

Complaint, that allegedly a June 23, 2021 request for information ("***RFI***") was sent to Wells Fargo, for which it allegedly did not properly respond. What the Complaint omits is most telling, namely that the parties entered into a loan modification agreement which post-dated the June 23, 2021 RFI. Specifically, that certain loan modification agreement (mortgage) (the "***Modification***") dated as of October 1, 2021 and recorded November 12, 2021 at Instrument #117729672 of the public records of Broward County, Florida moots this case.

If that were not enough (it is), preclusion doctrines—including collateral estoppel and compulsory counterclaim—would also serve to bar this action.

## FACTS AS ALLEGED IN THE COMPLAINT AND PUBLIC RECORDS[2]

1. On April 18, 2019, Wells Fargo instituted a foreclosure action against Plaintiff in the matter styled as *Wells Fargo Bank, N.A. v. Andrea Demetrius*, Broward County Circuit Court Case No: CACE19008437 (the "***Foreclosure***").

2. On October 22, 2021, Plaintiff and Wells Fargo filed a joint stipulation (the "***Stipulation***") for return of original documents and to dismiss the action. A true and correct copy of the Stipulation is attached hereto as **Exhibit "A."**

3. On October 27, 2021—immediately after dismissal of the Foreclosure—Plaintiff filed this case.

4. On November 12, 2021, the Modification was recorded at Instrument #117729672 of the public records of Broward County, Florida. A true and correct copy of the Modification is attached hereto as **Exhibit "B."**

## ARGUMENT

## I. LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff

---

[2] Wells Fargo only references the allegations in the Complaint for purposes of this motion and deny the substance of the allegations.

must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Merely reciting "labels and conclusions" will not be enough to survive a motion to dismiss. *Id.* Documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss. Fed. R. Civ. P. 10(c). A court also may "take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a Rule 56 motion." *Halmos v. Bombardier Aerospace Corp.,* 404 F. App'x. 376, 377 (11th Cir. 2010).

## II. MOOTNESS

### A. No meaningful relief is available here

"A case is moot 'when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" *Stein v. Buccaneers Limited Partnership*, 772 F. 3d 698, 702 (11th Cir. 2014)(internal citations omitted).

### B. The Modification moots this matter

Here, Plaintiff's RFI requested amounts for the mortgage loan for 2019, 2020, and 2021. *See* Complaint at ¶ 14. However, the Modification makes it crystal clear that Plaintiff's "Loan Documents will automatically become modified on **NOVEMBER 1, 2021** (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived." *See* Ex "B" at ¶ 3 (bold and all caps in original). The Modification makes clear that the amount capitalized was $0.00. *Id*. at ¶ 3(B).

Importantly, the Modification states that new terms "shall *supersede* any provisions to the contrary in the Loan Documents. . ." *Id.* at ¶ 3(D); *see also* ¶ 4(B)("That this Agreement shall *supersede* the terms of any modification, forbearance, Trial Period Plan or Mortgage Assistance that I previously entered into with Lender")(emphasis supplied).

CASE NO.: 0:21-cv-62230-RS

In short, the Modification moots the prior RFI as the loan charges to which it was addressed (2019, 2020, and 2021) was modified.[3]

### III. PRECLUSION DOCTRINES

#### A. *Collateral Estoppel*

Collateral estoppel applies "when the parties are the same (or in privity) if the party against whom the issue was decided had a full and fair opportunity to litigate the issue in the earlier proceeding." *EEOC v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1285 (11th Cir. 2004) (*citations omitted*).

In this case, Plaintiff defended the Foreclosure. In her Foreclosure answer and affirmative defenses, Plaintiff raised (as her *first* affirmative defense) "wrongfully charged servicing charges." A true and correct copy of the Foreclosure answer and affirmative defenses is attached hereto as **Exhibit "C."** She also raised a modification which she argued served as a "novation" of the mortgage loan. *See* tenth affirmative defense. Plaintiff propounded discovery in the Foreclosure, which was set for non-jury trial several times. The Foreclosure was ultimately dismissed by agreement. *See* Ex. "A."

As Plaintiffs had a full and fair opportunity to litigate the same issues they attempt to raise here as were raised in the Foreclosure—including the very claim as to improper loan charges—this matter is barred. To the extent that Plaintiff claims that the RFI was sent after the answer and affirmative defenses in the Foreclosure, Wells Fargo would reiterate the suspicious timing on this matter: the dismissal of the Foreclosure occurred October 22, 2021 with this matter being filed just days later.

#### B. *Compulsory Counterclaim Preclusion*

---

[3] Curiously, Plaintiff waited for dismissal of the Foreclosure to file this case, when the RFI was allegedly sent four (4) months prior.

The issues and claims being asserted in this action constitute compulsory counterclaims that should have been and could have been asserted in the Foreclosure. A compulsory counterclaim is any claim that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). The Eleventh Circuit applies the logical relationship test to determine whether the same operative facts "serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Mercer v. Palm Harbor Homes, Inc.*, 2005 WL 3019302, at *1 ftnt. 1 (M.D. Fla. 2005).

Plaintiff's Regulation X claim bears a "logical relationship" to, and should have been brought as compulsory counterclaim in, the Foreclosure. Plaintiff's claim stem directly from alleged loan charges at issue in the Foreclosure. "[T]he failure to bring a compulsory counterclaim in a state court proceeding bars a subsequent suit in federal court on that claim." *Beepot v. J.P. Morgan Chase Nat. Corporate Services, Inc.*, 57 F.Supp.3d 1358, 1370 (M.D. Fla. 2014); *Trent v. Mortgage Electronic Registration Systems, Inc.*, 618 F. Supp. 2d. 1356, 1358 (M.D. Fla. 2007) ("plaintiffs are prohibited from pursuing these claims in federal court because nearly all plaintiffs failed to assert them as compulsory counterclaims in their state court foreclosure actions…").

### C. Improper claim-splitting

The rule against claim-splitting requires a plaintiff to assert all its causes of action arising from a common set of facts in one lawsuit. *Vanover v. NCO Financial Services, Inc.*, 857 F.3d 833, 841 (11th Cir. 2017) ("By spreading claims around in multiple lawsuits in other courts or before other judges, parties waste 'scarce judicial resources' and undermine 'the efficient and comprehensive disposition of cases.'"). To determine whether such duplicative claim-splitting has occurred, courts borrow from the doctrine of claim preclusion and dismiss the later-filed suit if it 1) involves the same parties or their privies; and 2) arises out of the same transaction or series of transactions as the first suit. *Greene v. H & R Block Eastern Enterprises, Inc.*, 727 F.Supp.2d

*CASE NO.: 0:21-cv-62230-RS*

1363, 1367 (S.D. Fla. 2010).   Plaintiff and Wells Fargo were parties to both the Foreclosure and the instant action.  As stated *supra*, Plaintiff's claim in this action arise from the same facts and issues raised in the Foreclosure and is therefore duplicative. As such, Plaintiff is engaging in improper claim-splitting here.

## CONCLUSION

Plaintiff's claim is barred by preclusion doctrines and the doctrine of mootness.   This matter stands to be dismissed with prejudice.

**WHEREFORE,** Wells Fargo requests this Honorable Court enter an order dismissing this matter with prejudice and grant such further relief as this Court deems just and proper.

DATED: November 29, 2021.

> Respectfully submitted,
> **LIEBLER, GONZALEZ & PORTUONDO**
> *Attorneys for Wells Fargo Bank, N.A.*
> Courthouse Tower - 25th Floor
> 44 West Flagler Street
> Miami, FL 33130
> (305) 379-0400
> eMail: service@lgplaw.com
>
> By: /s/ Nardo Dorsin
> JACOB E. MITRANI
> Florida Bar No. 715581
> NARDO DORSIN
> Florida Bar No. 126301

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this November 29, 2021, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF.

> */s/* Nardo Dorsin
> NARDO DORSIN